UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CONSTANCE E. HADDAD,

        Plaintiff,

Case No. 5:04-CV-220

v.

Hon. Richard Alan Enslen

ADECCO, USA and AMERICAN
CANCER SOCIETY, INC.,

**OPINION**

        Defendants.
_____/

This matter is before the Court to resolve Defendants Adecco, USA ("Adecco") and American Cancer Society, Inc.'s Motions for Summary Judgment. The parties have sufficiently briefed the Motions and oral argument is unnecessary.

**BACKGROUND**

Plaintiff Constance E. Haddad has filed a *pro se* Complaint against Defendants Adecco and American Cancer Society, Inc. ("ACS") for violations of both state and federal law. In particular, Plaintiff asserts three federal claims against Defendants (for age and gender discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*). Plaintiff also asserts a variety of state law claims (violations of state statutes, negligence, breach of contract, defamation and intentional infliction of emotional distress).

These claims arise out of Plaintiff's employment for Adecco as a telemarketer. Adecco is a temporary employment agency which places employees in work assignments for Adecco customers. Plaintiff was an "at will" employee of Adecco and was assigned telemarketing for

charitable contributions as part of various contribution campaigns for ACS. (Shawn Montry Aff. 2-4.) During the employment, ACS effectively controlled and supervised Plaintiff's work and determined whether she would be assigned to ACS in the future. Plaintiff during such work never served in supervisory positions classified by Adecco/ACS as "Team Coach" or "Assistant Team Coach."[1] (*Id.* ¶ 5.) Plaintiff was paid for her worked hours based on her hours logged into ACS' timekeeping system and her job classification at the time. (*Id.* ¶ 6.) Plaintiff's ACS work assignment was terminated on June 9, 2003 by Adecco at the direction of the ACS supervisor, who reported that she took excessive breaks, disrupted other employees, and "lacked focus" in her work. (*Id.* ¶ 7.) Plaintiff denies such reports. Prior to the termination, a 33-year-old woman (who ACS believed to have better skills) was promoted to a "Team Coach" position desired by Plaintiff. (*See* Adecco Br. in Supp. 15 & Pl.'s Dep. 367.) Following the termination of the ACS work assignment, Adecco attempted to place Plaintiff with other customers, but Plaintiff refused such placements. (*Id.* ¶¶ 9-10.)

According to Plaintiff, her performance at the time of the terminated work assignment was good and did not justify termination. (*See also* Pl.'s Aff. ¶ 24.) Plaintiff has failed to specify in her affidavit or other evidence the identity and age of the person or persons who assumed her telemarketing duties on her termination. She has also acknowledged that the 33-year-old co-worker was a skilled co-worker, though not necessarily as skilled as herself. (*Id.* ¶ 15.)

---

[1]The Court finds Adecco/ACS's choice of sports terminology for its telemarking management to be demeaning and unprofessional; however, Defendants cannot be liable for simple bad taste. It may be that the use of such sports terminology is historically related to the widespread use of euphemisms in the field of "telemarketing"–which field is notorious for annoying interruptions of domestic tranquility as well as cheating the aged and infirm out of funds they cannot afford to pay.

## **STANDARDS FOR SUMMARY JUDGMENT**

Defendants' Motions are brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. Rather, under the language of Rule 56 and the case law of this Circuit, a party urging that discovery has been insufficient must file a specific affidavit establishing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Rule 56(f); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995). In the present case, Plaintiff has claimed that discovery is inadequate, but has not met her burden of presenting sufficient facts to establish the inadequacy of discovery within a proper affidavit or declaration. As such, the Court rejects such arguments.

**LEGAL ANALYSIS**

As mentioned above, Plaintiff has claimed discrimination under three separate federal statutes. Under the Equal Pay Act, Plaintiff must show that she was paid less for the same work performed by a male co-worker. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974); 29 U.S.C. § 206(d)(1) & (4). Plaintiff has utterly failed to offer such proofs. She has not established the comparable pay rates at issue. She has also not established that men were paid more for the same work–especially since the employer's evidence shows only that persons paid more were doing jobs with different and higher work classifications than Plaintiff's job. As such, summary judgment is warranted.

Regarding Plaintiff's discrimination claims under Title VII and the ADEA, to prevail Plaintiff must both present a *prima facie* case of discrimination and prove that any legitimate reasons given by the employer for the termination were a pretext for discrimination. Under the *McDonnell Douglas* analysis, a plaintiff first has the burden of proving a *prima facie* case of discrimination by proving by a preponderance of the evidence that: (1) she was a member of a protected class; (2) she was qualified for the position at issue; (3) she was subjected to an adverse employment action; and (4) the position was filled by a person outside the protected class or the position remained open. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Farmer v. Cleveland Public Power,* 295 F.3d 593, 603 (6th Cir. 2002); *cf. White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 240 (6th Cir. 2005) (holding that the "remained open" option was not pertinent in that case). A *prima facie* case may also be shown by "direct evidence" of discrimination. *See White*, 429 F.3d at 238; *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 926 (6th Cir. 1999). In

the present case, the employer's policies prohibited discriminatory treatment and no "direct evidence" of discrimination appears within the record.

Once the *prima facie* case is established, a defendant must clearly set forth facts which, if believed, would support a finding that the unlawful discrimination was not the cause of the employment action. *St. Mary's Honor Cntr. v. Hicks*, 509 U.S. 502, 507 (1993) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981)). Such evidence has the effect of dispelling the *prima facie* case unless the employee shows that the employer's legitimate reasons were false and a pretext for discrimination. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994). If there is a genuine issue of material fact as to the falsity of the employer's basis, it will create a jury issue as to pretext. *Id.* However, for a plaintiff to prevail, the jury must ultimately decide both that the employer's legitimate reasons for action were false and a pretext for discrimination. *Id.*

In the present case, though Plaintiff has many complaints about her treatment at ACS, she has provided evidence of only two adverse actions which may subject ACS (but not Adecco[2]) to the specter of liability under Title VII and the ADEA–the termination of her job placement by ACS and the failure by ACS to promote her to a better paid job placement. Regarding the termination, Plaintiff has failed to make a *prima facie* showing because the record evidence does not indicate either that she was replaced by a person outside of the protected classes (age and gender) or that the position remained unfilled.

---

[2]The record shows that Adecco never took adverse action against Plaintiff on any basis. While Adecco did accept ACS's decisions about Plaintiff's terminated placement and the failure to promote her to a higher placement, Adecco had no choice in the matter because it was merely supplying workers to ACS and ACS controlled its own workplace.

Regarding the failure to promote due to gender, Plaintiff has failed to make a *prima facie* case because the position was filled by a woman. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 587 (6th Cir. 1992).

Regarding the failure to promote due to age, Plaintiff's case is better in that the position was filled by a younger worker. However, Plaintiff fails to make a *prima facie* case as to age because she has failed to prove that the younger worker had "similar qualifications." This is crucial because in a failure to promote case the employee must also show that she and the non-protected employee were similarly qualified. *White*, 429 F.3d at 241 (citing *Williams v. Columbus Metro. Hous. Auth.,* 90 Fed. Appx. 870, 873 (6th Cir. 2004) and *Sutherland v. Mich. Dep't of Treasury,* 344 F.3d 603, 614 (6th Cir. 2003)). The present record shows that the younger applicant had different qualifications, including favorable personal skills, a different work background, and favorable statistics which ACS used to track and promote it workers.[3] (*See, e.g.,* Pl.'s Aff. ¶ 15 (acknowledging that the younger worker had a higher "conversion" rate).) As such, Defendants are entitled to summary judgment as to all of Plaintiff's federal claims, which shall be dismissed with prejudice.

**STATE LAW CLAIMS**

Since the Court has determined to dismiss all Plaintiff's federal claims, this leaves only Plaintiff's state law claims, as to which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As to these claims, the Court must determine whether to the dismiss them under § 1367(c)(3). *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[3]Further, even if a *prima facie* case of discrimination has been shown, Plaintiff has not introduced evidence to show that ACS's legitimate reasons for selecting the co-worker for promotion were false or otherwise indicative of discrimination.

While the Court retains discretion to entertain the state law claims if justice so requires, the Court is of the opinion that it should dismiss those claims and leave them to resolution by the Michigan state courts. This practice best serves the state courts' interests in comity and is most consistent with the long-standing practice of judicial restraint by the federal courts as to matters of state law. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254. (6th Cir. 1996).

## CONCLUSION

For the reasons given, summary judgment will be granted in favor of Defendants as to all federal law claims, and all state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[4]

DATED in Kalamazoo, MI:  
December 29, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Adecco also requested in its Motion that the Court enjoin Plaintiff from future action against it. Such injunctions are disfavored under federal law, *see Hoeber For and on Behalf of N.L.R.B. v. Local 30, United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, AFL-CIO,* 939 F.2d 118, 127 (3d Cir. 1991); *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), and Defendant has not made a sufficient showing to obtain such an injunction.